# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**CHANSAMOUTH PHIACHANTHARATH ,**<br><br>Defendant. | CASE NO. 1:07-CR-268-1 AWI<br><br>ORDER ON PETITION FOR EXPUNGEMENT<br><br>(Doc. No. 342) |

On March 9, 2009, Defendant pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846 – conspiracy to manufacture marijuana and possess marijuana with the intent to distribute. See Doc. No. 207. The guilty plea was pursuant to a plea agreement. See Doc. No. 206. On April 26, 2010, Defendant was sentenced to 50 months in custody and 48 months of supervised release. See Doc. No. 302. Judgment and commitment were entered on April 30, 2010. See Doc. No. 305.

On December 12, 2018, Defendant filed a motion for expungement of record. See Doc. No. 342. In his motion, Defendant states that he has served his prison sentence, completed parole, and paid all fines. See id. Defendant states that he is seeking expungement of the charges in this case because he is attempting to obtain gainful employment, which would enable him to support himself and his family and pay more taxes. See id. Defendant cites as authority in support of his request state court cases from Ohio. See id.

1    Expungement is not the same as a vacation or the setting aside of a conviction. <u>United States v. Crowell</u>, 374 F.3d 790, 792 (9th Cir. 2004). Expungment involves the "judicial editing of history," whereas the vacation of a conviction nullifies the conviction and its "attendant legal disabilities." <u>Id.</u> In general, a request to expunge is a request for the court to seal or destroy the records of the fact of the conviction and not the conviction itself. <u>Id.</u> Federal courts may expunge records of criminal convictions either through a grant of statutory authority or through the court's inherent authority. <u>See</u> <u>id.</u> With respect to inherent authority, courts do not have the power to expunge the record of a valid arrest and conviction based only on equitable considerations. <u>See</u> <u>id.</u> at 793; <u>United States v. Sumner</u>, 226 F.3d 1005, 1014 (9th Cir. 2000). A district court's authority to expunge is "limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." <u>Crowell</u>, 374 F.3d at 793; <u>Sumner</u>, 226 F.3d at 1014.

Here, Defendant does cite any federal statute that may apply. Instead, he relies on citations to Ohio state law and what the Court views as equitable considerations of attempting to provide for his family. However, Ohio law does not apply in this federal court to this federal defendant. Further, while the Court is certainly sympathetic to Defendant's desire to provide for himself and his family through gainful employment, such a desire is not a proper basis for the Court to expunge his record. In the absence of an unlawful conviction or clerical error, the Court cannot grant expungement based only on equitable considerations. <u>See</u> <u>Crowell</u>, 374 F.3d at 793; <u>Sumner</u>, 226 F.3d at 1014. Because there is no proper basis identified to expunge the record of Defendant's conviction, the Court must deny Defendant's request.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to expunge (Doc. No. 342) is DENIED.

IT IS SO ORDERED.

Dated:   December 20, 2018                    _____
                                              SENIOR DISTRICT JUDGE