# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**CHANSAMOUTH PHIACHANTHARATH ,**<br><br>Defendant. | CASE NO. 1:07-CR-268-1 AWI<br><br>**ORDER ON MOTION FOR EXPUNGEMENT**<br><br>(Doc. No. 344) |

On March 9, 2009, Defendant pled guilty to violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1), and 846 – conspiracy to manufacture marijuana and possess marijuana with the intent to distribute. See Doc. No. 207. The guilty plea was pursuant to a plea agreement. See Doc. No. 206. On April 26, 2010, Defendant was sentenced to 50 months in custody and 48 months of supervised release. See Doc. No. 302. Judgment and commitment were entered on April 30, 2010. See Doc. No. 305.

On December 12, 2018, Defendant acting pro se filed a motion for expungement of record. See Doc. No. 342. The Court denied that motion on December 20, 2018, because Defendant failed to establish a proper basis for expungement. See Doc. No. 343.

On February 7, 2019, Defendant acting pro se filed a second motion for expungement. See Doc. No. 344. In her motion, Defendant states that she has rehabilitated herself, is a positive member of her church and community, and she seeks a better job, but her conviction prevents her

1  from obtaining a better job. See id.  Based on her conduct after arrest, remorse, advanced age, and
2  desire for better employment, Defendant requests that the Court use its equitable powers to grant
3  an expungement. See id.  Defendant cites two cases from the Southern District of California
4  which applied or acknowledged the authority to grant expungement based on equitable
5  considerations. See id. (citing John Doe v. United States, 964 F.Supp. 1429 (S.D. Cal. 1997) and
6  United States v. Vasquez, 74 F.Supp.2d 964 (S.D. Cal. 1999)).

7  Expungement is not the same as a vacation or the setting aside of a conviction. United
8  States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). Expungment involves the "judicial editing
9  of history," whereas the vacation of a conviction nullifies the conviction and its "attendant legal
10 disabilities." Id.  In general, a request to expunge is a request for the court to seal or destroy the
11 records of the fact of the conviction and not the conviction itself. Id.  Federal courts may expunge
12 records of criminal convictions either through a grant of statutory authority or through the court's
13 inherent authority. See id.  With respect to inherent authority, courts do not have the power to
14 expunge the record of a valid arrest and conviction based only on equitable considerations. See id.
15 at 793; United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000). A district court's authority
16 to expunge is "limited to expunging the record of an unlawful arrest or conviction, or to correcting
17 a clerical error." Crowell, 374 F.3d at 793; Sumner, 226 F.3d at 1014.  Thus, in the absence of a
18 valid legal ground for expungement, courts lack jurisdiction to consider equitable grounds for
19 expungement. See Crowell, 374 F.3d at 796; Sumner, 226 F.3d at 1014-15.

20 Here, the cases cited by Defendant pre-date *Crowell* and *Sumner*.  As stated above,
21 *Crowell* and *Sumner* hold that district courts (like this Court and the Southern District of
22 California) lack the authority to expunge a conviction based only on equitable considerations.  As
23 a lower court within the Ninth Circuit, the Court must continue to follow *Crowell* and *Sumner*.

24 As with Defendant's prior motion, Defendant continues to rely only on equitable
25 considerations.  Considerations of rehabilitative efforts, age, community involvement, and a desire
26 to improved employment are all equitable considerations.  Defendant again does not explain how
27 her conviction is unlawful or identify any clerical errors.  Therefore, the Court must deny
28 Defendant's motion. See Crowell, 374 F.3d at 793; Sumner, 226 F.3d at 1014.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to expunge (Doc. No. 344) is DENIED.

IT IS SO ORDERED.

Dated:   February 11, 2019

_____
SENIOR  DISTRICT  JUDGE